**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRISTOBAL GARCIA MALDONADO,**<br>*Petitioner*,<br><br>v.<br><br>**J.L. JAMISON,** Warden, Federal Detention Center, Philadelphia; **JOHN E. RIFE,** Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; **MARKWAYNE MULLIN,** Secretary of the Department of Homeland Security; **TODD BLANCHE,** U.S. Attorney General; **U.S. DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,**<br>*Respondents*. | **Civil No. 26-6154** |

**MEMORANDUM**

**Costello, J.** **August 26, 2026**

Petitioner Cristobal Garcia Maldonado is a noncitizen who previously entered the United States in or around November 2022. On August 21, 2026, Immigration and Customs Enforcement ("ICE") detained Garcia Maldonado under 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act ("INA") which generally does not permit release on bond. While detained at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC"), Garcia Maldonado filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his mandatory detention without bond is unlawful. The Government opposed the Petition. Because § 1225 does not apply to noncitizens, like Garcia Maldonado, who have resided in the United States since entering the country, the Court will grant the Petition.

## I. FACTUAL BACKGROUND[1]

Garcia Maldonado is a citizen of the Dominican Republic who entered the United States in or around November 2022. ECF No. 1 ¶¶ 1, 18. On August 21, 2026, ICE detained Garcia Maldonado during a routine immigration check-in appointment. *Id.* ¶¶ 2, 22. At the time he filed his petition, Garcia Maldonado was detained at the FDC. *Id.* ¶¶ 2, 23.

## II. LEGAL STANDARD

A writ of habeas corpus is available "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes a noncitizen's challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation and quotations omitted)).

## III. LEGAL BACKGROUND

### A. INA Detention Provisions

At issue in this matter are two provisions of the INA that permit detention of noncitizens during immigration removal proceedings. Section 1226 of the INA provides that the Attorney General may arrest and detain noncitizens subject to a few statutory exceptions. 8 U.S.C.

[1] The Government does not dispute the facts in this case. The Court will therefore decide this matter on the pleadings and without a hearing.

§ 1226(a). A noncitizen may request a bond hearing before an immigration judge, who may release the noncitizen upon finding that he "poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); 8 C.F.R. § 1236.1(c)(8). For decades, noncitizens like Garcia Maldonado who entered the United States and resided in the country prior to their removal proceedings were detained under this section of the INA.

Prior to Garcia Maldonado's arrest, the Department of Homeland Security ("DHS") changed course and began detaining noncitizens under § 1225 of the INA, which applies to "applicant[s] for admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Historically, this provision applied only to individuals actively seeking to enter the country at a border or port of entry—not individuals already residing in the United States. *Kashranov v. Jamison*, 25cv5555, 2025 WL 3188399, at *6-7 (E.D. Pa. Nov. 14, 2025). In July 2025, DHS issued a policy directing ICE agents to consider anyone who entered the United States without admission or inspection as an "applicant for admission" regardless of how long they have already been present in the country. *Salinas Jaigua v. Jamison*, 25cv7115, 2025 WL 3757076, at *2 (E.D. Pa. Dec. 29, 2025).

Individuals detained under this provision are subject to mandatory detention pending the disposition of their removal proceedings. 8 U.S.C. § 1225(b)(2)(A). They are generally not afforded an opportunity for a bond hearing and "may be released only 'for urgent humanitarian reasons or significant public benefit.'" *Kashranov*, 2025 WL 3188399, at *1 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018)).

The Board of Immigration Appeals ("BIA") subsequently issued a decision endorsing DHS's new interpretation of § 1225 and ruling that all noncitizens who entered the United States without admission or inspection, including those who have been residing in the United States

without lawful status, are subject to mandatory detention without bond. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

### B. Garcia Maldonado's Petition & the Government's Response

On August 21, 2026, ICE detained Garcia Maldonado under § 1225 pursuant to the application of this new policy. ECF No. 1 ¶¶ 2, 22, 24. Garcia Maldonado argues that § 1225 does not apply to him because he is not actively "seeking admission" to the United States. *Id.* ¶ 51. Rather, he entered without inspection and has been living in the United States. *Id.* ¶¶ 1, 19, 50. He therefore contends that his detention is governed by § 1226, which confers the right to a bond hearing. *Id.* ¶¶ 25-32. He also argues that his mandatory detention without the right to a bond hearing violates his constitutional due process rights.[2] *Id.* ¶¶ 54-56, 58-62. Garcia Maldonado asks the Court to declare his detention under § 1225 unlawful and order his immediate release. *Id.* ¶¶ 41-48.

The Government raises two arguments in opposition to the Petition. First, that § 1225 of the INA applies to Garcia Maldonado, not § 1226, and his mandatory detention is lawful under that provision. ECF No. 4 at 1-2. Second, that Garcia Maldonado's detention without a bond hearing does not offend due process. *Id.* at 2. As courts in this District and across the country have repeatedly held in hundreds of recent cases, these arguments are unavailing.

## IV. DISCUSSION

### A. Section 1225 Does Not Apply to Garcia Maldonado

The disposition of this case depends on whether § 1225 or § 1226 applies to noncitizens

---

[2] Garcia Maldonado's Petition also asserts that his re-detention without a pre-deprivation hearing violates his constitutional due process rights, and that this continued detention violates the Administrative Procedure Act ("APA"). *Id.* ¶¶ 64-71, 73-77. Because the Court concludes that Garcia Maldonado is entitled to relief under the INA and Due Process Clause, it declines to reach these arguments.

like Garcia Maldonado, who have resided in the United States since entering the country. The Court finds that § 1226—and not § 1225—applies here.

In resolving issues of statutory interpretation, the inquiry begins with the text, and "proceed[s] from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (quoting *BP America Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)). A "word must not be read in isolation but instead defined by reference to its statutory context." *United States v. Husmann*, 765 F.3d 169, 173 (3d Cir. 2014) (internal citations omitted).

Section 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." It states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). By its terms, this section applies to a noncitizen who is both "an applicant for admission" and "seeking admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of Arrival . . . .)[.]" 8 U.S.C. § 1225(a)(1). The statute also defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

The INA does not define the phrase "an alien seeking admission." Courts in this District have construed this language to mean "*actively* trying to acquire or gain 'lawful entry . . . after inspection and authorization by an immigration officer.'" *Kashranov*, 2025 WL 3188399, at *6

(internal quotations omitted). The Court agrees with this interpretation of the statute for several reasons.

First, the plain text supports this reading. The present participle "seek*ing*" connotes "ongoing and continuous action." *Id.* "Seeking admission" therefore means taking ongoing, affirmative steps to enter the United States, typically at a border or port of entry by presenting oneself for inspection and authorization. *Id.* Second, the statutory context of § 1225(a) confirms it governs "inspections and detentions" of noncitizens at the border. *Id.* at *7. As Judge Wolson has explained in detail, various provisions of § 1225(b) refer to "inspection" of noncitizens and the treatment of noncitizens "arriving from contiguous territory." *Id.* (internal quotations omitted). These references confirm that mandatory detention under § 1225(a) applies to individuals detained "at or immediately following border crossing." *Id.*

Basic principles of statutory construction lend further support to this interpretation. Congress used two distinct terms when drafting the INA—"seeking admission" and "applicant for admission." If the Court were to accept the Government's position that these terms are interchangeable, one phrase would be rendered "entirely meaningless." *Id.* (citing *Pulsifer v. United States*, 601 U.S. 124, 143 (2024) (explaining canon against surplusage)).

To date, seven courts of appeals have rejected the Government's arguments and have agreed with the position taken by this Court. *See Guerrero Orellana v. Moniz*, Nos. 25-2152 & 26-1094, --- F.4th ---, at *1 (1st Cir. Aug. 13, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-88 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722-35 (6th Cir. 2026); *Cirrus Rojas v. Olson*, --- F.4th ---, No. 25-3127, 2026 WL 2198315, at *2 (7th Cir. Jul. 30, 2026); *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. Jul. 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237-38 (10th Cir. 2026); *Hernandez*

*Alvarez v. Warden, Federal Detention Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026). Divided panels of the Fifth and Eighth Circuits found the Government's interpretation of § 1225 to be correct. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi, et al.*, 170 F.4th 1128, 1133-35 (8th Cir. 2026). Both the *Buenrostro-Mendez* and the *Avila* opinions reasoned that the terms "applicant for admission" and "seeking admission" share the same meaning. *Buenrostro-Mendez*, 166 F.4th at 502; *Avila*, 170 F.4th at 1133-35. For the reasons stated above, the Court does not find the reasoning of *Buenrostro-Mendez* and *Avila* persuasive.

Garcia Maldonado has resided in United States for more than three years and is not actively seeking admission. Because Garcia Maldonado was not actively seeking admission at the time of his August 21, 2026 arrest due to the reasons articulated above, he is not subject to mandatory detention under § 1225.

His detention is instead governed by § 1226 because he is a "[noncitizen] already present in the United States." *Jennings*, 583 U.S. at 303. Section 1226, titled "Apprehension and detention of aliens," provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[.]" 8 U.S.C. § 1226(a). Except under very limited circumstances, noncitizens detained under this section are entitled to a bond hearing and an opportunity for release pending the outcome of immigration proceedings. *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d). Because § 1226 applies, Garcia Maldonado's mandatory detention under § 1225 is unlawful.

### B. Due Process

The Government next argues that Garcia Maldonado's mandatory detention pending the resolution of his removal proceedings does not offend due process. ECF No. 4 at 2. The Court disagrees.

"It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (internal quotations omitted). To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge*, which weighs (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

Each *Mathews* factor weighs in favor of Garcia Maldonado. First, he has a strong liberty interest in being free from mandatory detention. Second, Garcia Maldonado's detention under § 1225 poses a high risk of erroneously depriving him of his rights because he has not been afforded the opportunity for a neutral decisionmaker to make an individualized determination about whether he poses a flight risk or a danger to the community. Third, a bond hearing poses a minimal administrative burden to the Government. That minimal burden is clearly outweighed by Garcia Maldonado's strong liberty interest and right to be heard.

## V. CONCLUSION

Section 1226 applies to Garcia Maldonado's detention because he is not actively seeking admission and has been living in the United States for more than three years. Therefore, his continued detention under § 1225 is unlawful. As a result, the Court will grant his Petition.

An appropriate Order follows.

**BY THE COURT:**



MARY KAY COSTELLO
United States District Judge